CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

JUN 2 0 2006

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | Criminal No. 5:03-CR-30023 |
| v. ) | |
| ) | |
| ) | **MEMORANDUM OPINION** |
| ARMEN MIKAYELYAN. ) | |
| ) | By: Samuel G. Wilson |
| ) | United States District Judge |
| ) | |

The court sentenced Armen Mikayelyan to five months imprisonment and required him to participate in the Home Confinement Program under home detention for an additional five months. Mikayelyan has served his prison sentence and most of his home detention and has moved the court to modify the condition of his supervised release requiring him to participate in the home confinement program. The government opposes the motion on the grounds that the court does not have jurisdiction to modify the condition and that, even if the court had jurisdiction, it should not exercise it. The court rejects the argument that it lacks jurisdiction to grant the motion but agrees with its probation officer that it should not grant it.

I.

Mikayelyan, a long distance truck driver, pled guilty to conspiracy to traffic and trafficking in contraband cigarettes in violation of 18 U.S.C. §§ 371 and 2342. His total offense level was 12; his criminal history category was I; and his guideline range was 10 to 16 months– placing it in Zone C. Under the guidelines in Zone C, the court is permitted to substitute home confinement as a condition of supervised release to satisfy a portion of the sentence of

imprisonment. U.S.S.G. § 5C1.1(d). Accordingly, the court sentenced Mikayelyan to five months imprisonment and substituted home detention as a special condition of supervised release to satisfy the remaining five months called for by the low end of the guidelines.[1]

Mikayelyan has served his five months imprisonment and has approximately one month remaining in the Home Confinement Program. Although he is permitted to work in that program, the program requires him to return home each evening. He claims that the program is causing him financial hardship, and he has filed a motion to modify the conditions of his home detention so that he will not have to return home in the evenings, which will permit him to engage in more lucrative long-distance trucking. The government objects to his motion on the grounds that when home detention is substituted for imprisonment the court cannot modify the term because it is a term of imprisonment subject to 18 U.S.C. § 3582(c)'s jurisdictional constraints. His probation officer in this district has recommended against the proposed modification on the grounds that Mikayelyan committed his offenses while employed as a long-distance truck driver, that Mikayelyan received the minimum sentence specified by the guidelines, that there is no new evidence before the court, and that a reduction at this juncture "would seem contradictory."

---

[1]The special condition provides:

> The defendant shall participate in the Home Confinement Program under home detention for a period of 5 months and shall abide by all program requirements. Defendant is restricted to his residence at all times except for employment; education; religious services; medical, substance abuse or mental health treatment; or other activities pre-approved by the probation officer. While under home detention, the defendant shall submit to electronic monitoring and shall pay the cost of the electronic monitoring service.

## II.

The court rejects the government's argument that the court cannot modify the condition of Mikayelyan's supervised release that he participate in the Home Confinement Program because it was substituted under the guidelines for imprisonment. Instead, the court finds that once a defendant has served his sentence of imprisonment, the court has authority to exercise its discretion to modify the conditions of his supervised release pursuant to 18 U.S.C. § 3583(e), including a condition that the defendant participate in the Home Confinement Program, a condition the court imposed to satisfy a guideline imprisonment sentence.

Section 3583(e) provides that the court, after considering various factors set forth in section 3553(a), "may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release." Home detention and imprisonment are not synonymous, see United States v. Hager, 288 F.3d 136, 137 (4th Cir. 2002) ("Home confinement is not incarceration."), and this court is not at liberty to treat them as though they are. Home detention as a condition of supervised release is precisely that. It does not become a "term of imprisonment," as the government argues, because it is substituted for imprisonment. Therefore, the court is not constrained by the jurisdictional limitations of § 3582(c) that constrain the modification of a term of imprisonment. To the contrary, "[p]ursuant to 18 U.S.C. § 3583(e)(2) and Fed.R.Crim.P 32.1(c), the district court has plenary jurisdiction to supervise a convicted defendant's release, including the jurisdiction to modify the conditions of supervised release." United States v. D' Amario, 412 F. 3d 253, 255 (1st Cir. 2005) (per curiam); see United States v. Johnson, 529 U.S 53, 60 (2000) ("Trial court, as it sees fit, may modify an individual's conditions of supervised release."). It follows that the court has

3

jurisdiction to modify the condition of Mikayelyan's supervised release that he participate in the Home Confinement Program.

To conclude that the court has jurisdiction to modify the condition is not to say that its discretion is not proscribed. Section 3583(e) expressly directs the court to consider the various factors of § 3553(a), the factors that guide the court's imposition of sentence. Those factors should strongly counsel the court when the court considers modifying a mandatory condition or a special condition that the court imposed as an alternative to incarceration in order to satisfy a guideline requirement. Indeed, the court has looked to those factors and has concluded that it cannot justify the requested modification, essentially for the reasons stated by the probation officer.

### III.

For the reasons stated herein, the court denies Mikayelyan's motion to modify the conditions of his supervised release.

**ENTER:** This 20th day of June, 2006.

_____
UNITED STATES DISTRICT JUDGE

4